Per Curiam,.

The statutes relating to the highway use tax are Sections 5728.01 to 5728.14, inclusive, Revised Code.
The Board of Tax Appeals held that, as an administrative *142 agency, it is without authority to determine the constitutionality of statutory enactments, and the Court of Appeals wrote no opinion. Hence, this court is without the benefit of their views on the question.
Although the constitutionality of the statutes themselves was attacked in its petition for reassessment, the appellant’s sole present contention is that of discriminatory and unconstitutional administration of the tax predicated on the fact that, during the period involved, the appellant was expected to pay the tax but its competitors, domiciled in Michigan and Indiana, were not required to pay it in view of certain reciprocity agreements then existing between Ohio and those states.
However, it should be noted that, during the period the reciprocity agreements were in effect, the Ohio domiciled appellant paid no Ohio tax on its equipment licensed in Michigan or Indiana, and no Michigan or Indiana tax on its equipment licensed in Ohio.
In its brief the appellant’s present contention is stated as follows:
“Appellant does not claim that the highway use tax is unconstitutional. Appellant makes the same claim as the plaintiffs made in the Raymond case, supra [Raymond, Treas., v. Chicago Union Traction Co., 207 U. S., 20, 52 L. Ed., 78, 28 S. Ct., 7], that it was the action of the administrators of the law which caused appellant to have its constitutional rights violated.”
Hence, it is urged by the appellant that, since its contention of unconstitutionality does not involve the statutes themselves but merely the administrative application of the statutes, a bare-majority of this court can so hold without “the concurrence of at least all but one of the judges” required by the provisions of Section 2 of Article IV of the Constitution of Ohio. However, in view of the conclusion reached by the court in this case, it is not necessary to consider that question.
Have these statutes been so applied as to produce an unconstitutional result?
The appellee Tax Commissioner seeks to simplify and strengthen his position by asking this court to overrule its de *143 cisión in the case of Interstate Motor Freight System v. Bowers, Tax Commr., 164 Ohio St., 122, 128 N. E. (2d), 97, in which it was held that, by reason of the reciprocity agreements then existing between Ohio and the states of Michigan and Indiana, nonresident motor vehicle common carriers domiciled therein wore exempted from payment of the Ohio highway use tax. However, that decision has been neither overruled nor reversed, and the reciprocity agreements have been canceled. Furthermore, it is not necessary to overrule that decision in order to affirm the judgment of the Court of Appeals in the instant case.
The appellant’s basic contention is that the constitutional guarantee of equal protection of the laws was violated by the administrative classification of motor vehicle common carriers according to state residency, namely, requiring the Ohio highway use tax to be paid by carriers domiciled in Ohio but not by those domiciled in Michigan or Indiana. However, the appellee Tax Commissioner insists that residency was not the only test but that a second was the place of maintenance and registry of vehicles. He contends that the classification was not unconstitutional or discriminatory among members of the same class in view of the evidence that during the period the reciprocity agreements were in effect the appellant paid Michigan taxes on vehicles which it owned and licensed in Michigan but did not pay the larger Ohio taxes on those vehicles; that it paid no Michigan or Indiana tax on its equipment licensed in Ohio; that all Ohio domiciled competitors of the appellant were likewise required to pay the tax; that Michigan and Indiana carriers were allowed free use of Ohio highways, and Ohio carriers enjoyed a similar privilege in Michigan and Indiana; that the appellee Tax Commissioner was of the opinion that the use tax was not within the purview of the reciprocity agreements but that he was obliged to follow the contrary view of this court; and that the reciprocity agreements were canceled soon after the decision of this court in the Interstate Motor Freight System case, supra.
After a study of the record and the authorities cited in the briefs of counsel, this court is of the view that the classification in effect during the limited period here involved was not such as to warrant this court in holding it without reason under the *144 particular circumstances. It was not unconstitutional, and the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Matthias, Bell and Herbert, JJ., concur.
Taft, J., dissents.